### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASIA HUNTER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NEXT LEVEL BURGER COMPANY, INC.,<br><br>Defendant. | No. 1:23-cv-03483<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Asia Hunter ("Plaintiff" or "Hunter"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This action arises out of Next Level Burger Company, Inc.'s ("Defendant" or "Next Level Burger") failure to comply with the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Next Level Burger violated the NYLL because it failed to timely pay its hourly workers. The NYLL requires employers to pay manual workers, like Next Level Burger's hourly workers, within seven calendar days after the end of the workweek in which wages were earned. N.Y. Lab. Law § 191, 195. Next Level Burger paid hourly employees on a bi-weekly basis and did not provide its manual workers with paystubs outlining hours worked per workweek.

3. Next Level Burger also violated the FLSA by its policy or practice of unlawfully retaining tips from its workers. 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.54(b)(2).

## THE PARTIES

**Plaintiff Asia Hunter**

4. Asia Hunter is an adult individual who is a resident of the state of New York.

5. Hunter was employed as an hourly worker at the Next Level Burger located at 292 Ashland Pl, Brooklyn, New York, from approximately June 2022 through March 2023.

6. Hunter is a covered employee within the meaning of the NYLL and FLSA.

7. During Hunter's employment, over 25 percent of her duties were physical tasks, including but not limited to: (1) cooking and preparing food; (2) lifting and carrying items purchased by customers; (3) placing items purchased by customers into bags; (4) cleaning the fryer; (5) standing for long periods of time; (6) stocking shelves; and (7) arranging inventory.

8. Despite regularly spending more than 25 percent of her shift performing these physical tasks, Hunter has been compensated by Defendant on a bi-weekly basis.

9. For example, for the week beginning on March 1, 2023 and ending March 14, 2023, Hunter was paid her wages on March 21, 2023. *See* Exhibit A (Hunter Paystub).

10. In this regard, Defendant failed to pay Hunter her wages earned from March 1, 2023 through March 7, 2023 by March 14, 2023, as required by NYLL § 191(1)(a).

11. Throughout her employment, Defendant failed to provide Hunter with wage statements specifying the number of hours she worked per workweek.

12. Because of this, Defendant failed to provide Hunter with accurate wage statements as required by the NYLL.

13. On a regular basis, including, to Hunter's best recollection the pay periods in February and March 2023, Next Level Burger failed to provide Hunter with cash tips received by Next Level Burger customers.

**Defendant Next Level Burger Company, Inc.**

14. Defendant Next Level Burger Company, Inc. is a foreign corporation organized under the laws of the State of Oregon, with a principal place of business at 70 SW Century Dr., Suite 1077, Bend, OR 97702.

15. During all relevant times, Next Level Burger has been Plaintiff's employer within the meaning of the NYLL and FLSA.

16. Next Level Burger was the entity on Plaintiff's paystubs.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

18. This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

19. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and all other similarly-situated hourly employees. *See* 29 U.S.C. § 216(b). The other similarly-situated employees are defined as follows:

> All hourly employees who worked for Defendant at the Brooklyn location from three years prior to the filing of the complaint through the date of final judgment.

21. Defendant is aware or should have been aware that the FLSA regulations require "full and prompt distribution of tips." *See* 29 C.F.R. § 531.54(b)(2) (employers must "fully distribute[] any tips the employer collects no later than the regular payday for the workweek in which the tips were collected, or when the pay period covers more than a single workweek, the regular payday for the period in which the workweek ends.").

22. Upon information and belief, Next Level Burger only distributed a fraction of the cash tips collected and did so on an inconsistent basis, sometimes once every three workweeks.

23. The FLSA prohibits managers from retaining any portion of tips paid to employees. 29 C.F.R. § 531.54(b)(1).

24. Plaintiff is similarly situated to Defendant's other hourly employees because those employees had their tips unlawfully withheld by Defendant.

25. There are numerous similarly-situated current and former hourly employees who worked at Next Level Burger in Brooklyn who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

26. Similarly-situated tipped employees are known to Defendant and are identifiable in Defendant's payroll records.

## NYLL CLASS ALLEGATIONS

27. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and other current and former employees. The NYLL Class that Plaintiff seeks to represent is defined as:

> All hourly employees employed by Next Level Burger at the Brooklyn location at any time from six years from the filing of the complaint through the date of final disposition.

28. The proposed NYLL Class is so numerous that joinder of all members is impracticable. During the relevant period, Next Level Burger has employed over 40 employees in New York.

29. The claims of Plaintiff are typical of the members of the proposed NYLL Class:

- Next Level Burger fails to timely compensate Plaintiff and the NYLL Class; and

- Next Level Burger fails to furnish Plaintiff and NYLL Class Members with accurate statements of all wages earned, including hours worked each week, as required by the Wage Theft Prevention Act.

30. Each class member's claim is controlled by the NYLL and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the NYLL Class is similarly situated because they all were subject to Next Level Burger's common policy and practice of violating the NYLL.

31. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting dozens of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplicate litigation.

32. Pursuant to Fed. R. Civ. P. 23(b)(2), Next Level Burger has acted, or has refused to act, on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

33. Plaintiff will fully and adequately protect the interests of the Class. Plaintiff seeks the same recovery as the Class, predicated upon the same violations of law and the same damage theory. Plaintiff has retained Counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her Counsel have interests that are contrary to, or conflicting with, the interests of the Class.

**FIRST CAUSE OF ACTION**
**FLSA – Failure to Pay Earned Tips**
**(Brought on behalf of the Plaintiff and the Collective)**

34. Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

35. Plaintiff brings this Cause of Action as a collective action under Section 16(b) of the FLSA.

36. Plaintiff's consent form to act as representative plaintiff is attached hereto as Exhibit B.

37. Defendant was Plaintiff's "employer[s]" as defined by the FLSA. 29 U.S.C. § 203(d).

38. Plaintiff was Defendant's "employee[s]" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

39. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

40. Defendant is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

41. Defendant's annual gross volume of sales made or business done has exceeded $500,000 in each of the last three calendar years.

42. Defendant violated the FLSA by withholding cash tips earned by hourly employees and only distributing a fraction of them sometimes as late as three workweeks after they were earned.

43. Defendant's violations of the FLSA were willful.

44. Plaintiff, on behalf of herself and hourly employees, pray for judgment against Defendant as follows: (a) Judgment in the amount of unlawfully retained tips for Plaintiff and similarly-situated hourly employees; (b) Liquidated damages in an amount equal to the amount of unpaid minimum wages; (c) Pre- and post-judgment interest; (d) Reasonable attorneys' fees and costs incurred in prosecuting this action; and (e) Such other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**NYLL – Failure to Provide Timely Wage Payments**
**(Brought on behalf of the Plaintiff and the NYLL Class)**

45. Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

46. The timely payment of wages provision as set forth in NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the NYLL Class.

47. Defendant failed to pay Plaintiff and the NYLL Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the NYLL Class being underpaid.

48. Due to Defendant's violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendant the amount of the underpayments caused by its untimely

wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### THIRD CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements
### (Brought on behalf of the Plaintiff and the NYLL Class)

49. Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Next Level Burger has willfully failed to supply the Plaintiff and the NYLL Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per workweek, including overtime hours worked if applicable; deductions; and net wages.

51. Through its knowing or intentional failure to provide the Plaintiff and the NYLL Class with the accurate wage statements required by the NYLL, Next Level Burger has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

52. Due to Next Level Burger's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the NYLL Class are entitled to statutory penalties of $250 for each workweek that Next Level Burger failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the NYLL and FLSA;

B. An award of unpaid tips and damages, according to proof, including liquidated damages;

C. Certification of this case as a class action pursuant to Rule 23;

D. Designation of Plaintiff as representative of the Classes, and counsel of record as Class Counsel;

E. Statutory penalties of $250 for each workweek that Next Level Burger failed to provide the Plaintiff and the NYLL Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

F. Appropriate equitable and injunctive relief to remedy Next Level Burger's violation of NYLL, including but not limited to an order enjoining Next Level Burger from continuing its unlawful practices;

G. Penalties, as provided by law;

H. Reasonable service award for the Named Plaintiff for the time she spent attempting to recover wages for Class Members and for the risks she took in doing so;

I. Attorneys' fees and costs of action incurred herein, including expert fees;

J. Pre-judgment and post-judgment interest, as provided by law; and

K. Such other legal and equitable relief as this Court deems necessary, just, and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

Dated: May 9, 2023

Respectfully submitted,

*/s/ Sally J. Abrahamson*

Sally J. Abrahamson
sabrahamson@flsalaw.com
**Werman Salas P.C.**
705 8th Street SE, #100
Washington, D.C. 20003
Phone No.: (202) 830-2016
Fax No.: (312) 419-1025

Maureen A. Salas*
Joseph E. Salvi*
msalas@flsalaw.com
jsalvi@flsalaw.com
**Werman Salas P.C.**
77 W. Washington Street, Suite 1402
Chicago, IL 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025

*Attorneys for Plaintiff and the Putative Collective and Class*

**Pro hac vice* application forthcoming