UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ASIA HUNTER, NEOSHA MARSHALL, CAMERON MITCHELL, and JOELSON MARCELLE, *on behalf of themselves and all others similarly situated*,

              Plaintiffs,

v.

NEXT LEVEL BURGER COMPANY, INC.,

              Defendant.

**MEMORANDUM & ORDER**
23-CV-03483 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Defendant Next Level Burger Company, Inc., moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the first amended complaint, which asserts, among other things, claims under the Fair Labor Standards Act ("FLSA") based on allegations that Defendant improperly withheld cash tips earned by Plaintiffs. ECF No. 11 at 12–13 (First Amended Complaint or "FAC").[1] Defendant further argues that because Plaintiffs have failed adequately to allege a claim under FLSA related to the misappropriation of cash tips requiring dismissal of the federal claim, the Court should decline to exercise supplemental jurisdiction over the state law claims. For the reasons set forth below, the Court denies Defendant's motion to dismiss. ECF No. 20 (Defendant's Motion to Dismiss).

---

[1] Plaintiffs' FLSA claim is the only claim asserted under federal law. Plaintiffs' remaining state law claims assert violations under the New York Labor Law. ECF No. 11 at 13–14.

## FACTUAL BACKGROUND[2]

Although not set forth in the FAC, Defendant is a "fast casual restaurant chain" serving plant-based burgers. ECF No. 20-1 at 4. Plaintiffs Asia Hunter, Neosha Marshall, Cameron Mitchell, and Joelson Marcelle were employed by Defendant at various times from March 2022 to April 2023, *see* ECF No. 11 ¶¶ 5, 18, 33, 45, and each performed various tasks related to the preparation and sale of food items at Defendant's Brooklyn location, *see id*. ¶¶ 7, 20, 35, 47. With respect to cash tips, Plaintiff Hunter was told by a "general manager and a corporate manager [of Defendant's] . . . that Defendant's policy was to distribute cash tips every two weeks on payday." *Id*. ¶ 13. In February 2023, Plaintiff Hunter observed "customers pay cash tips into the tip jar but did not receive tips during those corresponding pay periods." *Id*. ¶ 15. The FAC makes similar allegations regarding Plaintiffs Marshall, Mitchell, and Marcelle during various pay periods that they worked for Defendant. *See id*. ¶¶ 27, 40, 52. The general manager of Defendant's Brooklyn location was responsible for collecting all cash tips. *Id*. ¶¶ 28, 41, 53. Each Plaintiff alleges that, based on the amount of cash tips he or she observed in the tip jar versus the amount of tips they were paid during the corresponding period, they "do[] not believe the general manager fully distributed the cash tips customers gave to [them] and other tipped employees." *Id*. ¶¶ 16, 31, 43, 54.

---

[2] The factual background, unless otherwise noted, is derived from the allegations in the FAC, which the Court accepts as true when considering a motion to dismiss. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 n.2 (2d Cir. 2021).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiffs' claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendant principally argues that Plaintiffs fail to state a claim that cash tips were misappropriated and that the allegations in the FAC are "threadbare [and] conclusory." ECF No. 20-1 at 7. Defendant specifically complains that the FAC

> does not include essential information, such as (1) the specific or estimated amount of cash in the tip jar or the number of employees participating in the tip pool, which goes to the tips that were allegedly kept by Defendant; (2) timing of when Plaintiffs received the tips, which goes to the distribution of the tips; (3) the specific or estimated amount of tips received by Plaintiffs, which is necessary for

---

[3] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

> comparing the amounts of tips paid to the amount of tips in the tip jar; or (4) the identification of the managers who allegedly failed to timely distribute the tips, which goes to the liability of the Defendant. If Plaintiffs are alleging misappropriation or theft of tips, the Complaint does not provide essential information, such as the identity of the individual responsible for the alleged theft, the timing of the incident, and the amount that was taken.

*Id*. at 8–9.

While the Court agrees with Defendant that the FAC leaves these questions unanswered, the motion nevertheless fails to demonstrate that allegations answering these questions are essential to survive a motion to dismiss. In its reply brief, Defendant spends a significant amount of time attempting to distinguish Judge Liman's decision in *Markovic v. Milos HY, Inc.*, No. 22-cv-1412, 2023 WL 4763807 (S.D.N.Y. July 26, 2023), which dealt, in part, with a motion to dismiss a FLSA claim that a restaurant misappropriated funds from a tip pool. *See* ECF No. 25 at 1–4.

The Court is not persuaded that the decision in *Markovic* compels a dismissal here. To the contrary, while not exactly on all fours factually, there is nevertheless significant overlap between the allegations here and in *Markovic*. For example, in *Markovic*, like here, defendants argued that the complaint failed to allege a tip-related FLSA violation "because it does not identify a *single* manager or supervisor who participated in the tip pool or who retained tips; . . . a *single factual* instance in which these unspecified managers/supervisors unlawfully retained tips; or a *single factual* instance in which Plaintiffs' tips were not paid to them." 2023 WL 4763807, at *8 (emphasis in original). In denying dismissal, Judge Liman noted that "a FLSA complaint need not plead a violation with particularity, as under Federal Rule of Civil Procedure 9(b) . . . . It is sufficient that the FAC alleges facts that make it plausible that Defendants violated the FLSA and that create the reasonable expectation that discovery will reveal evidence supporting the claim." *Id*.

4

While it is a close call whether the allegations here are too conclusory, on balance, at this stage of the proceedings Plaintiffs have sufficiently pled a violation of the FLSA related to the alleged misappropriation of cash tips. An employer is prohibited from retaining tips received by its employees for any purpose, including allowing managers or supervisors to keep any portion of the employees' tips. 29 U.S.C. § 203(m)(2)(B). Plaintiffs allege, among other things, that the manager of the Brooklyn location was responsible for the collection and distribution of the tips; that, even though Plaintiffs observed cash in the tip jar during specified periods, they did not receive tip distributions during those periods; that long periods of time passed where there were no tip distributions, even though tips were observed in the tip jar during those same periods; and that the amount of cash they observed in the jar was more than the tips ultimately distributed to employees. *See generally* ECF No. 11.

Contrary to what Defendant argues are necessary allegations, Plaintiffs do not need to allege which specific manager may have pilfered the tips, or that the tips were in the exclusive control of management. *See, e.g.*, *Markovic*, 2023 WL 4763807, at *8. Based on the reasonable inferences that can be drawn from the allegations in the FAC, Plaintiffs adequately allege that Defendant was responsible for collecting cash tips and failed to distribute all the cash tips received at the restaurant. As the court in *Markovic* noted, "[i]t is sufficient that [plaintiffs] plausibly allege that the amount of tips collected exceeded the amount of tips distributed and that the only potential recipients of the missing tips was a manager or owner." *Id*. The allegations here satisfy this standard, notwithstanding the fact that the FAC is silent about whether anyone else, besides a manager, may have had access to the tip jar. The answer to that question may be a powerful defense in front of a jury, but it is not a required allegation for surviving a motion to

dismiss. Accordingly, Plaintiffs have stated a viable FLSA claim related to the misappropriation of cash tips.[4]

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss. *See* ECF No. 20.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       February 20, 2024

---

[4] Given the sufficiency of the FLSA claim, the Court denies Defendant's request that it decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.