UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASIA HUNTER, NEOSHA MARSHALL, CAMERON MITCHELL, and JOELSON MARCELLE, *on behalf of themselves and all others similarly situated*,<br><br>      Plaintiffs,<br><br>   v.<br><br>NEXT LEVEL BURGER COMPANY, INC.,<br><br>      Defendant. | **MEMORANDUM & ORDER**<br>23-CV-03483 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiffs Asia Hunter, Neosha Marshall, Cameron Mitchell, and Joelson Marcelle allege violations of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"), against Defendant Next Level Burger Company, Inc. ECF No. 11 (Amended Complaint). Pending before this Court is Plaintiffs' motion for conditional approval to proceed with a collective action and for court-facilitated notice under the FLSA. *See* 29 U.S.C. § 216(b). For the reasons set forth below, the Court grants Plaintiffs' motion to proceed with a collective action and orders certain modifications to Plaintiffs' Proposed Notice. ECF No. 26 (Plaintiffs' Motion to Certify FLSA Collective Action).

## BACKGROUND

  Defendant is a fast casual restaurant chain that serves plant-based burgers. ECF No. 27 at 2 (Plaintiffs' Memorandum of Law in Support of Motion to Certify FLSA Collective Action); ECF No. 29 at 1 (Defendant's Opposition to Motion to Certify FLSA Collective Action). Defendant employed Plaintiffs at various times from March 2022 to April 2023 at its Brooklyn

location.  ECF No. 11 ¶¶ 5, 18, 33, 45.  Plaintiffs were hired as hourly workers who performed tasks related to the preparation and sale of food items.  *Id.* ¶¶ 7, 20, 35, 47.

Plaintiffs allege that Defendant violated the FLSA by failing to distribute all cash tips collected in the tip jar to Plaintiffs and other employees.  *Id.* ¶ 95; 29 U.S.C. § 203(m)(2)(B).  Plaintiff Hunter was told by a "general manager and a corporate manager [of Defendant's] . . . that Defendant's policy was to distribute cash tips every two weeks on payday."  ECF No. 11 ¶ 13.  Each Plaintiff states that every night, all cash tips in the tip jar were placed in the managers' office and only managers had access to that office.  ECF Nos. 28-1 ¶ 6 (Hunter Decl.); 28-2 ¶ 5 (Marshall Decl.); 28-3 ¶ 5 (Mitchell Decl.); 28-4 ¶ 5 (Marcelle Decl.).  Plaintiffs allege that, based on the amount of cash tips they observed in the tip jar versus the amount of tips they were paid during the corresponding period, they "do[] not believe the general manager fully distributed the cash tips customers gave to [them] and other tipped employees."  ECF No. 11 ¶¶ 16, 31, 43, 54.  Plaintiffs further assert that they "believe other employees also did not receive all the cash tips they deserved based on the amount of cash tips [they] saw going in the tip jar compared to what [they] saw other employees were paid."  ECF Nos. 28-1 ¶ 11; 28-2 ¶ 10; 28-3 ¶ 10; 28-4 ¶ 8.

Plaintiffs seek conditional certification of "[a]ll hourly employees who worked for Defendant at the Brooklyn location for three years prior to the issuance of the notice through the date of final judgment."  ECF No. 27 at 3.  Plaintiffs also ask the Court to adopt its Proposed Notice Program and to enter an order (1) requiring Defendants to disclose, in a computer readable format, the names, job titles, start and end dates, last known addresses, personal e-mail addresses, and telephone numbers of the collective action members and (2) authorizing Plaintiffs

to send the Notice and Consent Forms by mail, email, and text message to the collective action members.  *Id.* at 6–8.

## **LEGAL STANDARD**

Under the FLSA, employees are permitted to assert claims on behalf of themselves and other "similarly situated" employees.  29 U.S.C. § 216(b).  Courts in the Second Circuit apply a two-step test to determine whether to approve a "collective action" under the FLSA.  *See Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).[1]  The first step involves "an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.  If the Court grants conditional certification to proceed as a collective action, putative collective action members may "opt in" to the action.  *Rafter v. Everlast Sign & Serv. Inc.*, No. 21-cv-4588, 2023 WL 7687261, at *4 (E.D.N.Y. Apr. 13, 2023).  The second step involves an evaluation "on a fuller record . . . whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs."  *Myers*, 624 F.3d at 555.  If, at that stage, the Court determines that Plaintiffs fail to meet this requirement, the Court may then de-certify the collective action.  *Id.*

In considering the first step, Plaintiffs must make "a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."  *Id.*  "When applying this lenient evidentiary standard, a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Singh v. Anmol Food Mart, Inc.*, No. 22-cv-5475,

---

[1]  Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

2024 WL 308241, at *2 (E.D.N.Y. Jan. 26, 2024). "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." *Romero v. La Revise Assocs., LLC*, 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013).

**DISCUSSION**

**I.     Conditional Certification**

Plaintiffs have made a sufficient showing at this first step that their employer did not distribute all cash tips received by customers to its hourly employees. 29 C.F.R. § 531.54(b). Plaintiffs seek to certify a collective action of "[a]ll hourly employees who worked for Defendant at the Brooklyn location for three years prior to the issuance of the notice through the date of final judgment." ECF No. 27 at 3. Each of the four named Plaintiffs in this case submitted declarations based on their personal observations that corroborate each other's allegations. ECF Nos. 28-1; 28-2; 28-3; 28-4. They have each alleged that they observed amounts of cash going into the tip jar that did not equal the amount of tips subsequently distributed to them. ECF Nos. 28-1 ¶ 10; 28-2 ¶ 9; 28-3 ¶ 9; 28-4 ¶¶ 4, 7. They also allege that other employees did not receive all of the cash tips they earned based on what customers paid. ECF Nos. 28-1 ¶ 11; 28-2 ¶ 10; 28-3 ¶ 10; 28-4 ¶ 8.

Defendant argues that Plaintiffs fail to meet their burden in part because Plaintiffs' declarations "include multiple vague and conclusory claims, asserting their belief that other employees did not receive tips due to alleged disparities between the tip jar contributions and the payments for these employees, with no further details provided." ECF No. 29 at 5. While it is true that any one of these declarations, standing alone, would be insufficient to permit the case to proceed as a collective action, the fact that there are four hourly workers who state that they were

4

not provided their portion of tips equivalent to the amount of cash that they observed customers put into the tip jar is sufficient at this stage to find Plaintiffs are similarly situated with respect to the alleged FLSA violation. To conditionally certify a collective action "the burden is so low that even one or two affidavits establishing the common plan may suffice." *Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445–46 (S.D.N.Y. 2013). This is true even when the declarations are "somewhat thin on details." *Lubas v. JLS Grp., Inc.*, No. 18-cv-6611, 2020 WL 4210754, at *7 (E.D.N.Y. July 22, 2020) ("such proof is sufficient to meet the low factual threshold for FLSA collective certification"); *see also Placinta v. Grazina Pilka, Inc.*, No. 16-cv-4272, 2018 WL 5024170, at *9, *14 (E.D.N.Y. Oct. 5, 2018) (granting motion for conditional certification where there were multiple affidavits corroborating plaintiffs' statements even though the factual record proffered was "ultimately quite thin on facts"). Therefore, the Court finds that Plaintiffs have met their "low burden" to demonstrate that putative collective action members are similarly situated, and the Court conditionally certifies the FLSA collective action.

## II.    Notice Period

Plaintiffs seek to include as putative collective action plaintiffs "[a]ll hourly employees who worked for Defendant at the Brooklyn location for *three years* prior to the issuance of the notice through the date of final judgment." ECF No. 27 at 3 (emphasis added). The statute of limitations for a FLSA violation is two years, except when the violations are willful, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255(a). Plaintiffs argue that because they have alleged that Defendant's violation of the FLSA was willful, the three-year statute of limitations period should apply. ECF No. 30 at 6–7 (Plaintiffs' Reply in Support of Motion to Certify FLSA Collective Action). However, the Court "need not accept as true [P]lantiff[s]'[] conclusory allegation that a defendant willfully violated the FLSA." *Whiteside v.*

5

*Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).  Rather "[a]n averment of willfulness is . . . *precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage." *Id.* (emphasis in original).  Here, Plaintiffs have alleged in their Amended Complaint that "Defendant's violations of the FLSA were willful," *see* ECF No. 11 ¶ 96, without providing any further factual allegations to support their contention.  Plaintiffs allege no facts regarding Defendant's conduct that would permit the Court to infer Defendant was aware of the potential FLSA violation.  *See, e.g.*, *Babayoff v. Pro Coverage Group, Inc.*, No. 20-cv-4538, 2023 WL 2071289, at *2–3 (E.D.N.Y. Feb. 17, 2023) ("Because Plaintiff fails to support his allegations of willfulness with sufficient facts, FLSA's general two-year limitations period applies.").  "Allegations that Defendant[] willfully violated [Plaintiffs'] rights are conclusory and not entitled to the assumption of truth." *Fisher v. Hudson Hall LLC*, No. 22-cv-09737, 2023 WL 5353402, at *2 (S.D.N.Y. Aug. 21, 2023).  Although these cases analyzed willfulness in the motion to dismiss context, the Court finds the analysis equally applicable here where Plaintiffs' claim of willfulness is devoid of factual details supporting the allegation.  Consequently, a two-year notice period should be applied to the collective action, and the notice should be sent to all relevant employees who worked for Defendant two years prior to the issuance of the notice.

### III.    Proposed Notice

"Courts have broad discretion to craft appropriate notices that effectuate the overarching policies of the collective suit provisions and provide employees with accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *6 (E.D.N.Y. Sept. 24, 2012).  Defendant has raised a number of objections to Plaintiffs'

6

Proposed Notice. ECF No. 29 at 10–12; *see also* ECF No. 28-5 (Plaintiffs' Proposed Notice). The Court hereby adopts Plaintiffs' Proposed Notice, subject to the modifications discussed in more detail below.

        A.      *Notice Period*

For the reasons set forth above, *see supra* Section II, Plaintiffs shall modify the Proposed Notice to include a date of two, rather than three, years prior to the issuance of the notice.

        B.      *Describing the instant lawsuit*

Defendant argues that Section 2 of the Proposed Notice ("What is this lawsuit about?") should be modified as it is internally contradictory. ECF No. 29 at 10. Specifically, Defendant contends that the statement "Plaintiffs allege that Defendant distributed cash tips on an inconsistent basis, sometimes only once every three workweeks, and sometimes not at all to their employees," is contradictory because it implies that employees are both receiving tips and not receiving tips. *Id.*; *see also* ECF No. 28-5 at 2. The Court agrees. Although Plaintiffs have alleged in their Amended Complaint that Defendant provided Plaintiffs with cash tips on an inconsistent basis, they have not alleged that Defendant provided no tips at all. *See, e.g.*, ECF No. 11 ¶¶ 15, 16, 28, 30, 39, 54. In other words, Plaintiffs have all alleged that they eventually did receive tips, even if the tips were received on an inconsistent basis or believed to be less than what was deserved. ECF Nos. 28-1 ¶¶ 10, 11; 28-2 ¶¶ 9, 10; 28-3 ¶¶ 9, 10; 28-4 ¶¶ 4, 7, 8. Plaintiffs shall therefore revise Section 2 of the Proposed Notice to remove the last clause "and sometimes not at all to their employees," from the description of the case.

        C.      *Defense Counsel's Contact Information, Putative Plaintiffs' Obligations, and Defendant's View of the Case*

Defendant claims that the Proposed Notice should contain (a) defense counsel's contact information and (b) a statement informing recipients that opt-in plaintiffs may be deposed or

7

required to testify at trial. ECF No. 29 at 10. Defendant also believes that the reminder notice should contain information regarding Defendant's view of the case. *Id.* With regard to defense counsel's contact information, Plaintiffs allege that Defendant's request is "ripe with potential to confuse collective members, who may be led to believe that defense counsel could potentially represent them." ECF No. 30 at 8. Nevertheless, defense counsel's contact information can be included in the notice in a way that clearly notes that defense counsel is not representing Plaintiffs in this case. *See, e.g.*, *Nyarko v. M&A Projects Restoration Inc.*, No. 18-cv-5194, 2021 WL 4755602, *17 (E.D.N.Y. Sept. 13, 2021) (ordering defense counsel's contact information to be included in the notice with language that putative collective action members should not contact the defense counsel if they wish to join the case). And courts regularly permit defense counsel's contact information to be included in the notice. *See e.g.*, *Hernandez v. NHR Human Resources, LLC*, No. 2021 WL 2535534, at *16 (S.D.N.Y. June 18, 2021) (citing cases). Therefore, the Court orders defense counsel's contact information be added with the following, emphasized language: "If you decide to join this case, you should not contact defense counsel, but instead rely on Plaintiffs' counsel or your own counsel to contact defense counsel."

      Additionally, statements informing recipients of their obligations as potential plaintiffs, such as appearing for a deposition or testifying, are also often included in notices to potential plaintiffs. *See*, *e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y 2014) (*sua sponte* directing plaintiffs to add information to the proposed notice that "advise[s] potential plaintiffs that they may be required to provide information, appear for a deposition, or testify if they opt in"); *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 567 (S.D.N.Y. 2012) (same); *see also Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 61 (E.D.N.Y. 2011) (ordering plaintiffs to include language in the notice that potential plaintiffs may be required to respond to

8

written discovery and pay costs if they do not prevail, on top of the language that notifies plaintiffs that they may be required to testify or appear for a deposition). Accordingly, Plaintiffs are ordered to include language informing potential plaintiffs that they may be required to be deposed or testify in court if they decide to opt in.

The Court finally finds that the proposed reminder notice should contain Defendant's view of the case. *See Aleman-Valvidia v. Top Dog Plumbing & Heating Corp.*, No. 20-cv-421, 2021 WL 4502479, at *9 (E.D.N.Y. Sept. 30, 2021) (ordering modification of proposed reminder notice to contain defendants' view of the case).

### D.   Method of Notice

Plaintiffs have requested that the Proposed Notice be distributed through mail, email, and text message. ECF No. 27 at 6. Defendant asserts that the Proposed Notice should be distributed only by First Class Mail because courts only permit distribution of notice by email and texts where an employer's business involves a high turnover rate among employees. ECF No. 29 at 10–11. The Court disagrees. "Authorizing notice via electronic means is practical and furthers the purpose of notice of a collective action under the FLSA." *Pierre v. City of New York*, No. 12-cv-05116, 2022 WL 4482295, at *8 (S.D.N.Y. Sept. 27, 2022). Indeed, an objection to email and text message as methods of dissemination "is quite outdated." *Millin v. Brooklyn Born Chocolate*, LLC, No. 19-cv-3346, 2020 WL 2198125, at *3 (E.D.N.Y. May 6, 2020). Plaintiffs are thus permitted to use email and text messaging, in addition to mail, as forms of notice to potential plaintiffs.

## IV.   Notice Discovery

Plaintiffs ask the Court to order Defendant to produce, in a computer readable format, the names, job titles, start and end dates, last known addresses, personal email addresses and

telephone numbers of the potential opt-in plaintiffs. ECF No. 27 at 7. Defendants object to the production of this information except for names and addresses of the potential opt-in plaintiffs. ECF No. 29 at 11. However, courts in this Circuit regularly order defendants to provide the information Plaintiffs are requesting. *See, e.g.*, *Aguilo v. Vails Gate Cleaners Inc.*, No. 18-cv-8850, 2020 WL 3545558, at *10 (S.D.N.Y. June 30, 2020) (ordering defendants to produce names, addresses, and telephone numbers of potential opt-in plaintiffs); *Diaz v. New York Paving Inc.*, 340 F. Supp. 3d 372, 388 (S.D.N.Y. 2018) (ordering defendant to disclose names, addresses, job titles, and dates of employment). Further, the Court separately finds that Plaintiffs need the information requested to determine which former or current employees may be potential opt-in plaintiffs and to provide notice consistent with the method ordered by the Court. *See supra* Section III.D. Defendants are therefore ordered to provide Plaintiffs, in a computer readable format, the names, job titles, start and end dates, last known addresses, personal email addresses and telephone numbers of the potential opt-in plaintiffs. Defendants shall provide such information within 30 days of this Order.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiffs' motion to proceed with a collective action. *See* ECF No. 26. The Court also adopts Plaintiffs' Proposed Notice, subject to the modifications discussed above. Specifically, the parties are ordered to comply with this Order as follows:

Plaintiffs shall modify the Proposed Notice to include current or former employees who worked two years prior to the issuance of notice.

Plaintiffs shall modify Section 2 of the Proposed Notice to delete the last clause of the statement "Plaintiffs allege that Defendant distributed cash tips on an inconsistent basis,

sometimes only once every three workweeks, and sometimes not at all to their employees." The statement shall instead read as follows: "Plaintiffs allege that Defendant distributed cash tips on an inconsistent basis, sometimes only once every three work weeks."

Plaintiffs shall modify the Proposed Notice to include defense counsel's contact information with the following, emphasized language: "If you decide to join this case, you should not contact defense counsel, but instead rely on Plaintiffs' counsel or your own counsel to contact defense counsel."

Plaintiffs shall modify the Proposed Notice to include language that potential plaintiffs may be requested to appear for a deposition or testify in court.

Plaintiffs shall modify the reminder notice to include Defendant's view of the case.

Plaintiffs are permitted to distribute the Proposed Notice through mail, email, and text message.

Defendants shall produce, within 30 days of this Order, the names, job titles, start and end dates, last known addresses, personal email addresses and telephone numbers of the potential opt-in plaintiffs in a computer readable format.

SO ORDERED.

       /s/ Hector Gonzalez     .
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      February 20, 2024

11