IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ASIA HUNTER, NEOSHA MARSHALL, CAMERON MITCHELL, and JOELSON MARCELLE, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**NEXT LEVEL BURGER COMPANY, INC.,**<br><br>**Defendant.** | No. 1:23-cv-03483-HG |

## DECLARATION OF SALLY J. ABRAHAMSON

I, Sally J. Abrahamson, declare as follows:

1. I am a partner with the law firm of Werman Salas P.C. Werman Salas represents plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims.

2. I am one of the lawyers responsible for prosecuting Plaintiffs' claims.

3. I make the statements based on personal knowledge and would so testify if called as a witness at trial.

**I.  Named Plaintiffs Should be Awarded the Requested Service Award.**

4. Plaintiff Hunter reviewed the complaint before initiating the case.

5. After Plaintiffs Marshall, Mitchell, and Marcelle joined as Named Plaintiffs, Plaintiffs amended the complaint, and all Named Plaintiffs reviewed the Amended Complaint and provided feedback.

6. Named Plaintiffs regularly assisted counsel's investigation and prosecution of the claims by providing detailed information and documents regarding their work (including paystubs

and a screenshot of Defendant's communications regarding its tip policy), regularly making themselves available to counsel to review Defendant's document productions and arguments, and to discuss responses. Named Plaintiffs also reached out to witnesses. All Named Plaintiffs provided declarations in support of their successful and contested Motion for Conditional Certification. *See* ECF No. 28-1 – 28-4. All Named Plaintiffs prepared for and actively participated in the settlement conference on May 15, 2024 before Magistrate Judge Marcia Henry. Plaintiffs are low-income workers who had to schedule around their work and childcare responsibilities to participate in this case.

**II.     The Parties Stipulate for Settlement Purposes That They Are Similarly Situated.**

7.     Plaintiffs' counsel communicated with every Plaintiff and Opt-in Plaintiff and reviewed the settlement agreement with them.

8.     The Parties stipulate for settlement purposes that the Plaintiffs and Opt-in Plaintiffs are similarly situated. The Parties agree that NLB's tipping policy was the same for all Plaintiffs and Opt-in Plaintiffs.

**III.    Exhibits**

9.     Attached hereto as **Exhibit A** is a true and correct copy of the NLB_000329-000350.pdf, which are tip records produced by Defendant.

10.    Attached hereto as **Exhibit B** is a true and correct copy of the Named Plaintiffs' W-2s.

11.    Attached hereto as **Exhibit C** is a true and correct copy of a spreadsheet of Opt-in Plaintiffs' dates of employment and wages, as produced by Defendant.

12.    Attached hereto as **Exhibit D** is a true and correct copy of the trip tracker data as analyzed by Plaintiffs' Counsel.

13. Attached hereto as **Exhibit E** is a true and correct copy of the average tips per week, as calculated by Plaintiffs' Counsel.

14. Attached hereto as **Exhibit F** is a true and correct copy of the owed tips, as calculated by Plaintiffs' Counsel.

15. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiffs' Counsel's calculations of damages pursuant to NYLL § 191.

16. Attached hereto as **Exhibit H** is a true and correct copy of the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Request for Professional Fees and Costs in *Hernandez v. Immortal Rise, Inc.*, No. 11 Civ. 4360 (E.D.N.Y.).

\*   \*   \*

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: November 7, 2024                                  Respectfully submitted,

                                                                                    */s/ Sally J. Abrahamson*

                                                                                    Sally J. Abrahamson

3